CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 0 2006

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAKA ZULU ACOOLLA, a.k.a. THOMAS JACKSON, Plaintiff, | Civil Action No. 7:01-cv-01008 |
| v. | **ORDER** |
| RON ANGELONE, et al., Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

In accordance with the accompanying memorandum opinion, it is hereby

**ADJUDGED AND ORDERED**

as follows:

1. Plaintiff's motion for summary judgment is hereby **DENIED**.

2. Defendants' motion for summary judgment is hereby **GRANTED** as to all of plaintiff's federal law claims except as to the following claims:

    a. plaintiff's claim for injunctive relief under RLUIPA against Defendant Gene Johnson in his official capacity, alleging that officials have brought and may continue to bring disciplinary charges against plaintiff for noncompliance with the VDOC grooming policy, DOP 864, although he has already received the three disciplinary charges authorized under the policy for noncompliance; and

    b. plaintiff's claims for injunctive relief under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendants Gene Johnson and Lewis Cei in their official capacities regarding accommodation of plaintiff's religious need to practice a strict vegetarian or vegan diet.

3. Plaintiff's state law claims are hereby **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1367(c).

4. Because the court herein grants defendants' motion for summary judgment and/or dismisses all claims except the noted claims against Defendants Johnson and Cei, the clerk is **DIRECTED** to terminate the case as to all other defendants.

5. Defendant Johnson is hereby **DIRECTED** to respond within ten (10) days from entry of this order to the following interrogatory as revised by the court from plaintiff's discovery requests:[21]

- Under the current version of DOP 864, may an inmate be disciplined for noncompliance with DOP 864 after he has already received three disciplinary convictions for violating that DOP and is assigned to administrative segregation? If so, what disciplinary penalties may be imposed for conviction of a fourth or subsequent conviction for violating DOP 864 and how do such additional disciplinary charges and penalties further compelling state interests by the least restrictive means?

5. The clerk **SHALL** set this matter for an evidentiary hearing in Roanoke at the court's earliest convenience on the remaining claims as herein set forth.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to plaintiff and to counsel of record for the defendants.

ENTER: This _10th_ day of April, 2006.

/s/ James C. Turk
Senior United States District Judge

---

[21] By order entered February 13, 2006, the court directed Johnson to respond to this interrogatory. Although Johnson submitted a response, his answer did not respond to the interrogatory posed by the court in the February 13, 2006 order. Therefore, the court now directs him to respond as previously ordered.